UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DINO A.,

                                  Plaintiff,

                v.

ANDREW SAUL,
Commissioner of Social Security,

                                  Defendant.
_____

<u>DECISION AND ORDER</u>

20-CV-0438L

        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        On November 4, 2016, plaintiff filed an application for supplemental security income, alleging an inability to work since November 15, 2015. (Dkt. #9 at 11). His application was initially denied. Plaintiff requested a hearing, which was held January 23, 2019 via videoconference before Administrative Law Judge ("ALJ") Yvette N. Diamond. The ALJ issued an unfavorable decision on March 27, 2019, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #9 at 11-24). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 13, 2020 (Dkt. #9 at 1-4). Plaintiff now appeals.

        The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #12), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #14). For the reasons

set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

### I. The ALJ's Decision

Plaintiff was born August 1, 1979, and was 36 years old on the alleged onset date, with a high school education and no past relevant work. (Dkt. #9 at 22-23). His treatment records reflect a history of migraines, fibromyalgia, hypertension, obesity, attention-deficit hyperactivity disorder, major depressive disorder, and substance abuse disorder, which the ALJ found to be severe impairments not meeting or equaling a listed impairment. (Dkt. #9 at 13).

In applying the special technique for mental impairments, the ALJ determined that plaintiff has a moderate limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in concentration, persistence and pace, and a moderate limitation in adapting or managing himself. (Dkt. #9 at 16).

The ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform light work, with the ability to lift and carry twenty pounds occasionally and ten pounds frequently. He can stand and/or walk for six out of eight hours in a workday, and can sit for up to six hours. He can no more than occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, but can never climb ladders. He cannot be exposed to bright light, temperature extremes, vibration,

or respiratory irritants or hazards. He is limited to simple, routine tasks that are not fast-paced and do not have strict production demands. He can have occasional contact with supervisors and coworkers, but cannot perform teamwork or have any contact with the public. Finally, the plaintiff is limited to low stress work, defined as work that involves no more than occasional decision-making or changes to the work setting. (Dkt. #9 at 16-17).

When presented with this RFC as a hypothetical at the hearing, vocational expert Jay Steinbrenner testified that a person with this RFC could perform the representative light, unskilled positions of injection molding machine tender, cleaner housekeeper, and assembler of small products. (Dkt. #9 at 23). The ALJ accordingly found plaintiff not disabled.

## II.     The ALJ's Assessment of Medical and Other Evidence Concerning Plaintiff's Exertional Limitations

Plaintiff alleges that the ALJ failed to properly evaluate or fully credit the medical opinion of consulting physician Dr. HongBiao Liu – who was the only treating or examining physician to render an opinion concerning plaintiff's physical RFC – and thus erred by crafting an RFC unsupported by medical opinion evidence. Specifically, plaintiff argues that the ALJ improperly rejected Dr. Liu's opinion that plaintiff had a "mild" limitation as to "prolonged walking," when she determined that plaintiff had the RFC to perform light work, which involves standing and walking up to 6 hours in an 8-hour workday.

Dr. Liu examined plaintiff on March 1, 2017. He noted that plaintiff reported the ability to lift 70 pounds and walk for one mile, and to occasionally engage in household chores, shopping and childcare. On examination, Dr. Liu noted normal gait and station, full squat, ability to walk on heels and toes, no use of assistive devices, and no difficulty getting on and off the examination table, dressing or rising from a chair. Straight leg raising tests were negative. Although plaintiff's lumbar range of motion was limited and he showed positive trigger points consistent with

fibromyalgia, he otherwise displayed full range of motion, full strength in all extremities, and normal reflexes. Dr. Liu opined that plaintiff has "mild" limitations for prolonged walking, bending and kneeling. (Dkt. #9 at 397-400).

The ALJ gave Dr. Liu's opinion "partial" weight, finding that the record supported bending and kneeling limitations, but concluding that the record supported a *greater* level of limitation in these areas than Dr. Liu had determined, as well as additional environmental limitations.

However, the ALJ rejected Dr. Liu's suggestion of a "mild" limitation on prolonged walking, reasoning that an "exertional limitation regarding prolonged walking is not consistent with the claimant['s hearing testimony, in which he stated that] he can walk half a mile without taking a break." (Dkt. #9 at 22). The ALJ's opinion further noted that plaintiff's treatment and examination records showed consistently unremarkable findings with respect to gait and strength, and that plaintiff had testified to daily activities that included such tasks as mowing the lawn or shoveling, and going shopping. (Dkt. #9 at 18-19).

Plaintiff argues that by rejecting the mild walking limitation described by Dr. Liu and finding that plaintiff was able to perform a limited range of light work, the ALJ crafted an RFC that was unsupported by a medical opinion, and thus unsupported by substantial evidence.

The Court disagrees. Even assuming *arguendo* that the ALJ erred by failing to credit the mild limitation as to prolonged walking described by Dr. Liu, such error is harmless. It is well settled that mild exertional limitations are not inconsistent with the ability to perform light work. *See Henderson v. Saul*, 788 Fed. Appx. 86, 87 (2d Cir. 2019) (substantial evidence supporting RFC determination allowing for light work includes medical opinion evidence of mild-to-moderate limitations for prolonged walking); *White v. Berryhill*, 753 Fed. Appx. 80, 82 (2d Cir. 2019) (consultative examiner's opinion describing "moderate" limitations in exertional activities

4

supports RFC for a modified range of light work); *Lewis v. Colvin*, 548 Fed. Appx. 675, 677-78 (2d Cir. 2013) ("the ALJ's determination that [plaintiff] could perform 'light work' is supported by [the physician's] assessment of 'mild limitations for prolonged . . . walking'"). *See also Tankisi v. Commissioner*, 521 Fed. Appx. 29, 34 (2d Cir. 2013) (ALJ did not err in determining RFC for light work where consultative examiner opined that plaintiff mad a "mild to moderate limitation for . . . walking for a long distance"); *Jermaine R. v. Commissioner*, 2020 U.S. Dist. LEXIS 235403 at *8-*9 (W.D.N.Y. 2020) (RFC determination restricting plaintiff to a range of light work is not inconsistent with consulting physician's opinion indicating mild limitations including "prolonged walking"); *Cook v. Commissioner*, 2020 U.S. Dist. LEXIS 40563 at *9-*10 (W.D.N.Y. 2020) (collecting cases, and rejecting plaintiff's argument the ALJ reached an RFC determination for light work absent a medical opinion, where ALJ afforded weight to the consultative examiner's opinion plaintiff had mild to moderate limitations in prolonged walking and other exertional and postural activities).

Because the ALJ's RFC determination was not inconsistent with a mild limitation as to prolonged walking, the ALJ's ultimate disability finding would have been the same regardless of whether Dr. Liu's opinion was fully credited. Even if there was any error therein, remand for further proceedings would serve no purpose.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #12) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 16, 2021.